IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REDI-CO, LLC,
an Oregon limited liability company,

        Plaintiff,

   v.

PRINCE CASTLE, LLC,
a Delaware limited liability company,

        Defendant.

No. 3:15-CV-01810-HZ

OPINION & ORDER

_____

George W. Mead
The Mead Law Firm PC
7455 SW Bridgeport Road, Suite 205
Tigard, OR 97224

    Attorney for Plaintiff

Anna Helton
Schwabe, Williamson & Wyatt PC
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204

1 – OPINION & ORDER

J. David Duffy
Patrick Morales-Doyle
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603

    Attorneys for Defendant

HERNANDEZ, District Judge:

    In this contract action, Plaintiff Redi-Co, LLC contends that Defendant Prince Castle, LLC breached the parties' supply contract. Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), Defendant moves to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. I grant the motion because the Court lacks subject-matter jurisdiction.

## BACKGROUND

    Plaintiff is an Oregon company with its principal place of business in West Linn, Oregon. Compl., ¶ 1. Defendant is a Delaware company with its principal place of business in Carol Stream, Illinois. Id., ¶ 2. For over forty-one years, Plaintiff and its predecessor have been selling grill scrapers and other related products to Defendant. Id., ¶ 5. The parties put that sales agreement into writing on August 28, 2013. Compl., Ex. 1. Slightly less than two years later, on or about August 18, 2015, Defendant notified Plaintiff that it would no longer purchase the products it had been ordering. Compl., ¶ 8. Several days later, Plaintiff sent Defendant a default notice stating its intent to pursue remedies. Compl., Ex. 2.

## STANDARDS

    A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject-matter jurisdiction. The party asserting jurisdiction bears the

burden of proving that the court has subject-matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. See Corrie v. Caterpillar, Inc., 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

## DISCUSSION

Defendant moves to dismiss, in part, on the basis that the court lacks subject-matter jurisdiction. Federal courts have subject-matter jurisdiction when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states[.]" 28 U.S.C. § 1332(a). The inquiry involves determining (1) whether the involved parties are citizens of different states and (2) whether the matter in controversy exceeds $75,000. If the answer to either one of these factors is in the negative, the court does not have subject-matter jurisdiction over the case.

Plaintiff and Defendant do not dispute that they are citizens of different states. Thus, the issue here is whether the matter in controversy exceeds $75,000. Generally, the amount of money alleged by the plaintiff controls, as long as the allegation is made in good faith. St. Paul

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). However, if it appears to a legal certainty that the plaintiff cannot recover the amount claimed, the court should dismiss for lack of jurisdiction. St. Paul Mercury, 303 U.S. at 289. One situation that satisfies the legal certainty test is when the terms of a contract limit the plaintiff's recovery to below the jurisdictional threshold. Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986) (citing 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702 (2d ed. 1985)).

As discussed in detail below, the matter in controversy in this case cannot exceed $75,000, as required by 28 U.S.C. § 1332(a), because the limitation of remedy provisions in the sales agreements preclude an amount that exceeds the jurisdictional threshold, and the course of performance alleged by Plaintiff cannot contradict the express terms of the agreements. Thus, it appears to a legal certainty that Plaintiff cannot recover an amount exceeding $75,000, and, as such, this Court must dismiss the case. St. Paul Mercury, 303 U.S. at 289.

  A. Limitation of Remedy Provisions

Plaintiff alleges that it is entitled to $1,375,000 in damages for Defendant's breach of contract. Compl., ¶ 13. This amount, which includes expectation and consequential damages, far exceeds the $75,000 threshold for federal jurisdiction. Defendant asserts that it is liable for a maximum of $41,361.32 because the remedy is limited by the terms of the sales agreements to any finished product and authorized raw material. Thus, the issue is whether the sales agreements between Plaintiff and Defendant contain terms that limit the remedy, so as to indicate to a legal certainty that the matter in controversy cannot exceed $75,000.

There are two separate sales agreements with identical, relevant terms, as follows:

> 3  Customer is responsible only for KANBAN quantity of
> finished products plus any additional Raw Material Authorized
> in this contract.
> 4  Any inventory maintained at Supplier in excess of authorized
> quantity in this agreement, is the sole responsibility of Supplier.

Compl., Ex. 1, 1-2. Both sales agreements list Plaintiff as the supplier and indicate that Defendant is the customer. Id. By the plain language of these two terms, Defendant is responsible for the following: (1) the quantity of finished products named in the sales agreements, and (2) any Raw Material Authorized in the agreements. Plaintiff is responsible for any inventory it maintains in excess of the authorized quantity in the agreements.

The first of the two agreements at issue lists five part numbers and a total of 5,148 total finished products, which adds up to a sum of $7,932.28. There is a raw materials column on the agreement, which indicates that none were authorized. Compl., Ex. 1, 1. The second of the agreements lists the same part numbers, as well as a total of 13,508 finished products, to a total of $33,429.04. There is no raw materials column on this agreement. Id., Ex. 1, 2. According to the two sales agreements, the total amount due is $41,361.32. The quantity of finished products listed in the agreements and resulting liability is undisputed by the parties.

The Uniform Commercial Code ("UCC") allows parties to "limit or alter the measure of damages recoverable under this Article[.]" 810 Ill. Comp. Stat. ("ILCS") 5/2-719(1)(a); Or. Rev. Stat. ("ORS") § 72.7190.[1] Illinois courts have enforced exclusive remedy provisions, even where exclusivity is not explicit, if the contract as a whole calls for such a construction. S. Ill. Riverboat Casino Cruises, Inc. v. Triangle Insulation & Sheet Metal Co., 302 F.3d 667, 677 (7th

---

[1] Plaintiff asserts that Oregon law applies to this claim, and Defendant argues that Illinois law applies. The Court finds that the outcome is the same whether Oregon or Illinois law is applied, as both states have adopted the UCC. Moreover, court decisions from both states interpret the UCC in the same way, for purposes of this case. Therefore, the Court cites to both Illinois and Oregon statutes and cases.

5 – OPINION & ORDER

Cir. 2002) (citing Intrastate Piping & Controls, Inc. v. Robert-James Sales, Inc., 315 Ill.App.3d 248, 733 N.E.2d 718 (2000)). The Supreme Court of Illinois has held that such remedy limitations or exclusions of consequential damages should be upheld unless unconscionable in nature. Razor v. Hyundai Motor Am., 222 Ill.2d 75, 99, 854 N.E.2d 607, 622 (2006).

Thus, under Illinois law, the limitations of remedy provisions are invalid only if they are unconscionable. The Razor court went on to define procedural unconscionability as "a situation where the term is so difficult to find, read, or understand that the plaintiff cannot be fairly said to be aware that he was agreeing to it[.]" Id. Substantive unconscionability refers to extremely one-sided terms. Id. In addition, the Illinois Supreme Court points out that most cases where a court finds unconscionability involve both procedural and substantive issues. Id. at 99-100, 854 N.E.2d at 622.

The Oregon Supreme Court has indicated that, unless extraordinary circumstances or bargaining power disparities are present, provisions which limit liability or remedies are valid. K-Lines, Inc. v. Roberts Motor Co., 273 Or. 242, 252-253, 541 P.2d 1378, 1384 (1975). In addition, such provisions are generally valid if conspicuous or brought to the buyer's attention. Id. at 254, 541 P.2d at 1384-1385; see also Seibel v. Layne & Bowler, Inc., 56 Or.App. 387, 392, 641 P.2d 668, 671 (1982) (holding such provisions invalid because they were inconspicuous and not brought to the buyer's attention).

Here, the terms at issue appear on the sales agreements with all other terms in uniform style and size. The terms limiting the remedy to the products and materials authorized in the sales agreements appear conspicuously on the agreements. Furthermore, they are not difficult to understand, particularly considering that both parties are commercial entities, presumably with a relatively sophisticated knowledge of sales. There is no indication of any disparity in bargaining

power between the parties. The terms, while they do protect the customer from responsibility for excess inventory, are not one-sided. For instance, they do not absolve Defendant of all responsibility because Defendant remains responsible for any products and raw materials listed in the sales agreements.

The limitation of remedies provisions in the agreements are valid under Illinois and Oregon law. Thus, the agreements limit Plaintiff's claim and Defendant's liability to less than the jurisdictional amount.

  B.  Course of Performance and the Limitation of Remedies Provisions

Plaintiff contends that Defendant contacted Plaintiff to ensure that it had inventory in excess of the agreements and that this request became an expectation that Plaintiff have such excess inventory on hand. Pursuant to UCC 1-303 (ORS § 71.3030 and 810 ILCS 5/1-303), Plaintiff contends that this request and accommodation became a course of performance and thus waived or modified any inconsistent terms (*e.g.*, the limitation of remedies provisions).

The UCC provides that "a course of performance is relevant to show a waiver or modification of any term inconsistent with the course of performance." ORS § 71.3030(6); 810 ILCS 5/1-303(f). Under the UCC, course of performance may explain or supplement terms contained in "a writing intended by the parties as a final expression of their agreement," but it may not contradict these terms. ORS § 72.2020; 810 ILCS 5/2-202. Illinois and Oregon courts have held that, when course of performance contradicts express terms, the latter control. <u>Midwest Builder Distrib., Inc. v. Lord & Essex, Inc.</u>, 383 Ill.App.3d 645, 673, 891 N.E.2d 1, 27 (2008); <u>Deerfield Commodities, Ltd. v. Nerco, Inc.</u>, 72 Or.App. 305, 329, 696 P.2d 1096, 1111-1112 (1985).

As discussed above, the plain language of the terms at issue is unambiguous. Buyer (Defendant) is responsible only for the quantity of finished products and raw materials authorized in the sales agreements. Thus, Defendant is not responsible for any other products or materials. Supplier (Plaintiff) is solely responsible for any excess inventory it maintains, beyond the quantity of finished products and raw materials authorized in the sales agreements.

The course of performance alleged by Plaintiff, in which Defendant requested that Plaintiff keep more inventory on hand, can be used to explain or supplement these terms, but not to contradict them, as they are express terms included in the sales agreements. ORS § 72.2020; 810 ILCS 5/2-202. However, the terms are not ambiguous and are in no need of further explanation or supplementation. Plaintiff's contention that the request for and willingness to stock extra inventory waives or modifies Terms 3 and 4 relies on the premise that a contradictory course of performance waives or modifies an express term. But, such a premise is not legally sound.

Therefore, under the express language of the relevant sales agreements' terms, it appears to a legal certainty that Defendant's damages are limited to $41, 361.32. As a result, the matter in controversy is less than the $75,000 threshold.

///
///
///
///
///
///
///

CONCLUSION

Defendant's motion to dismiss [13] is granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 24 day of February, 2016.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge