IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REDI-CO, LLC,
an Oregon limited liability company,

       Plaintiff,

   v.

PRINCE CASTLE, LLC,
a Delaware limited liability company,

       Defendant.

No. 3:15-CV-01810-HZ

OPINION & ORDER

George W. Mead
THE MEAD LAW FIRM PC
7455 SW Bridgeport Road, Suite 205
Tigard, OR 97224

    Attorney for Plaintiff

Anna Helton
SCHWABE, WILLIAMSON & WYATT PC
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204

1 – OPINION & ORDER

J. David Duffy
Patrick Morales-Doyle
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      In this contract action, Plaintiff Redi-Co, LLC contends that Defendant Prince Castle, LLC breached the parties' supply contract. Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), Defendant moves to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. I grant the motion because the Court lacks personal jurisdiction over Defendant.

## BACKGROUND

      Plaintiff is an Oregon company with its principal place of business in West Linn, Oregon. Am. Compl., ¶ 1, ECF 43.[1] Defendant is a Delaware company with its principal place of business in Carol Stream, Illinois. *Id.*, ¶ 2. On August 28, 2013, the parties entered into a written supply agreement for Plaintiff to sell grill scrapers and other related products to Defendant. Am. Compl., Ex. 1. Slightly less than two years later, on or about August 18, 2015, Defendant notified Plaintiff that it would no longer purchase the products it had been ordering. Am. Compl., ¶ 12. Several days later, Plaintiff sent Defendant a default notice stating its intent to pursue remedies. Am. Compl., Ex. 2.

///

///

---

[1] Previously, this Court dismissed for lack of subject-matter jurisdiction. *Redi-Co, LLC v. Prince Castle, LLC*, No. 3:15-CV-01810-HZ, 2016 WL 740426, at *1 (D. Or. Feb. 24, 2016). The Ninth Circuit reversed. 715 F. App'x. 651, 651 (9th Cir. 2018). Plaintiff then filed an Amended Complaint on September 27, 2018.

STANDARDS

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When the district court decides a motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts" based on the plaintiff's pleadings and affidavits. *Id.* "Uncontroverted allegations in the plaintiff's complaint must be taken as true," and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

In diversity cases such as this, the court applies the law of the state in which it sits to determine whether it has personal jurisdiction over the nonresident defendant. *Hunt v. Erie Ins. Grp.*, 728 F.2d 1244, 1246 (9th Cir. 1984). Generally, personal jurisdiction is proper if it is permitted by the forum state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, the court proceeds directly to the federal due process analysis. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *see Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (when a state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process). To comport with due process, the nonresident defendant must have "certain minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014).

The forum state may exercise either general or specific jurisdiction over a nonresident defendant. *Boschetto*, 539 F.3d at 1016. If the contacts are insufficient for a court to invoke general jurisdiction, the court then applies the relevant test to determine whether specific jurisdiction exists. *In re Tuli*, 172 F.3d 707, 713 n.5 (9th Cir. 1999).

DISCUSSION

Plaintiff concedes that Defendant's contacts in Oregon are not so continuous and systematic as to warrant general jurisdiction. Pl.'s Resp., 12, ECF 49. Thus, I discuss only whether this Court has specific jurisdiction over Defendant.

The Ninth Circuit uses a three-prong test to determine whether a party has sufficient minimum contacts for specific jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). First, the defendant must "purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Id.* Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* Third, the exercise of jurisdiction must be reasonable, meaning it comports with traditional notions of fair play and substantial justice. *Id.* Plaintiff bears the burden on the first two prongs of the test. *Boschetto*, 539 F.3d at 1016. If the plaintiff establishes both prongs one and two, "the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* If Plaintiff fails the first or second prong, "the jurisdictional inquiry ends, and the case must be dismissed." *Id.*

Generally, "purposeful availment" is used in contract cases, like Plaintiff's case, and "purposeful direction" in tort cases. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).

Purposeful availment requires "some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016. Prior negotiations, contemplated future consequences, terms of the contract, and actual course of dealing within the forum state may establish purposeful availment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). "Physical contact with the forum state is not a necessary condition." *Harris Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d at 1130.

    A. *Purposeful Availment*

The first prong of the specific jurisdiction test is whether Defendant purposefully availed itself of the benefits and protections of Oregon. Plaintiff brings several arguments attempting to satisfy purposeful availment, but none of these arguments are convincing.

Plaintiff first argues that Defendant purposefully availed itself of the privileges of the forum because Defendant contracted with Oregon-based Plaintiff. However, "the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Boschetto*, 539 F.3d at 1017. Plaintiff traveled to Illinois to negotiate with Defendant and to pursue the contract to sell supplies to Defendant. The contract was then executed in Illinois. In connection with the contract in question, Defendant has no ties to Oregon except that Plaintiff is an Oregon company. "Merely random, fortuitous, or attenuated contacts are not sufficient." *Picot*, 780 F.3d at 1212. A defendant's contacts must be attributable to his own actions, not the plaintiff's. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) ("[M]ere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

The contract's terms do not mention where the products Plaintiff supplies to Defendant will be manufactured, but in the course of performance, Plaintiff manufactured the products in

Oregon and shipped them to Defendant in Illinois. However, "the fact that . . . one party discharge[es] his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over another party to the contract." *Picot*, 780 F.3d at 1213. Plaintiff made the unilateral decision to manufacture the products in Oregon; the activity is not imputed to Defendant. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated."). None of the contract's terms are governed by Oregon law, and Defendant never traveled to Oregon in the course of dealing with Plaintiff. Defendant's actions do not show that it intended to avail itself of the privileges of Oregon.

Plaintiff also contends that Defendant, by contracting with third parties to sell and service products in Oregon, purposefully availed itself of the forum by contemplating future consequences in Oregon. Although Defendant may have many contracts with third parties in Oregon, the Court must focus on the parties' specific supply contract in question. The sole objective of this contract was the sale of products from Plaintiff to Defendant. Unlike a contract that is "but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," the contract in question does not contemplate Defendant taking any future actions in Oregon. *Burger King Corp.*, 471 U.S. at 479; *see, e.g.*, *Helicopter Transp. Servs., LLC v. Sikorsky Aircraft Corp.*, 253 F. Supp. 3d 1115, 1129 (D. Or. 2017) (finding that a contract for the sale of a helicopter from the defendant to the plaintiff contemplated future consequences when the real object of the business transaction was to sell exclusive replacement parts, maintenance services, and technical advice for the helicopter to the plaintiff in the plaintiff's forum state). Here, Plaintiff does not allege that

its supply contract with Defendant had any secondary purpose aside from selling supplies to Defendant. The parties' contract does not contemplate future consequences in the forum.

Because neither the contract's terms, nor negotiations, nor contemplated future consequences concern Oregon, and Defendant had no contact with Oregon in the course of dealing, Plaintiff fails to establish that Defendant purposefully availed itself of the benefits and protections of Oregon. Thus, Plaintiff fails to establish the first prong of the specific jurisdiction test.

### B. Arising Out of Defendant's Forum-Related Activities

The second prong of the specific jurisdiction test is whether a particular claim arises out of Defendant's forum-related activities. Even assuming that Plaintiff could establish purposeful availment, Plaintiff fails to satisfy the second-prong of the specific jurisdiction test.

A "but for" test is used to determine whether a particular claim arises out of a defendant's forum-related activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). The Court asks: "but for [Defendant's] contacts with [Oregon,] would [Plaintiff's] claims against [Defendant] have arisen?" *Id.* If Plaintiff's injury occurred because Defendant had contacts in the forum, then Plaintiff satisfies the second prong of the specific jurisdiction test. Conversely, if Defendant's contacts in the forum have no causal relationship to Plaintiff's injury, then Plaintiff fails to satisfy the second prong of the specific jurisdiction test. Plaintiff cites to a number of Defendant's forum-related contacts in an attempt to argue that Plaintiff's claim would not have arisen but for Defendant's contacts with Oregon.

First, Plaintiff avers that Defendant has sales and service rebate contracts with other entities in Oregon. However, no matter how many sales or service rebate contracts Defendant may have with third parties in Oregon, none of these contracts affect the supply contract between

Defendant and Plaintiff at issue in this case. Plaintiff fails the "but for" test because Plaintiff's breach of contract claim against Defendant would arise even if Defendant had no third-party contracts.

Second, Plaintiff posits that Defendant attempted to develop a market for its products in Oregon by selling and distributing kitchen equipment in Oregon, including equipment manufactured by Plaintiff. However, third-party sales are irrelevant to the supply contract in question. Plaintiff further contends that Defendant developed this market by attempting to exclude vendors of products similar to Defendant's from the Oregon market. Again, Defendant's efforts to exclude vendors from Oregon have no effect on Plaintiff's supply contract with Defendant. Even if Defendant did not sell and distribute kitchen equipment in Oregon, and made no attempts to exclude similar vendors from the forum, Plaintiff's breach of contract claim would still have arisen. Accordingly, Plaintiff fails the "but for" test.

Finally, Plaintiff argues that Defendant maintained a website accessible in Oregon which lists Oregon as a location where Defendant's products may be bought or serviced. Again, however, Plaintiff's breach of contract claim is unaffected by the website. Plaintiff pursued the contract because of the ongoing relationship between the parties, not because of Defendant's passive website. Thus, Plaintiff fails the "but for" test, because even in the absence of a website, Plaintiff's claim against Defendant would have arisen.

In sum, Plaintiff's claim does not arise out of or result from any of Defendant's forum-related activities. Plaintiff's claim against Defendant would have arisen regardless of Defendant's contacts with Oregon, because Plaintiff cannot show that Defendant's contacts in Oregon have any effect on Plaintiff's claim. Consequently, Plaintiff fails to establish the second prong of the specific jurisdiction test.

Because Plaintiff has failed to establish the first and second prongs of the specific jurisdiction test, I need not reach the third prong. This Court does not have specific jurisdiction over Defendant, and the Court cannot exercise personal jurisdiction over Defendant. Additionally, due to the lack of personal jurisdiction over Defendant, I decline to address Defendant's additional arguments for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

CONCLUSION

Defendant's motion to dismiss [47] is granted.

IT IS SO ORDERED.

Dated this 20 day of Feb 2019.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge